■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER BRANDLEY, Appellant. [815 NYS2d 465]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered May 25, 2004, convicting defendant, after a jury trial, of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years, unanimously affirmed.

The court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]). The record supports the court's finding that the nondiscriminatory reasons provided

by the prosecutor for the challenge in question was not pretextual. This finding is entitled to great deference (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]), and we do not find any disparate treatment by the prosecutor of similarly situated panelists. There is no basis for disturbing the court's decision to credit the prosecutor's explanation for not challenging a white panelist whose employment was allegedly similar to that of the panelist at issue.

The People presented legally sufficient evidence that the value of the stolen merchandise exceeded the statutory threshold of $1,000 (*see People v Irrizari*, 5 NY2d 142 [1959]). Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Marlow, J.P., Williams, Gonzalez, Sweeny and Catterson, JJ.